# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Josué López Estremera, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with Homeland Security Investigations and have been since June 2018. I am currently assigned to the Immigration Crimes Group in San Juan, Puerto Rico. Prior to my appointment as a Homeland Security Investigations Special Agent, I was assigned in 2008 as a United States Border Patrol agent. As a Homeland Security Investigations Special Agent, I have received formal and on the job training and I am authorized to investigate violations of laws of the United States and to execute and serve any order, subpoena, summons, warrant, or other process issued under the authority of the United States. I am familiar with the statutes of the United States Code, and as a federal law enforcement officer, I have participated in investigations, surveillance, interviews, interrogations, arrests, searches, seizures, administration of oaths, and in taking and considering evidence concerning the privilege of any person to enter, reenter, pass through, or reside in the United States. Based on my law enforcement experience detailed herein, as well as my training, and experience of other law enforcement officers who are participating in this investigation, serve as the basis for the conclusion set forth herein.

2. This affidavit is intended to show merely that there is sufficient probable cause for the requested criminal complaint and does not set forth all of my knowledge about this matter. I make this affidavit based on my own personal knowledge and on oral and written reports by other federal, state, and/or local law enforcement agents and officers that investigated this matter. This affidavit does not contain all the information derived from this investigation only that which is sufficient to demonstrate probable cause to believe that a crime has been committed.

3. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 8 U.S.C. § 1326(a) & (b)(2)–illegal reentry of

removed alien subsequent to an aggravated felony conviction–has been committed by Franciso ACOSTA-Brito ("ACOSTA-Brito"), also known as "Francisco Brito."

## PROBABLE CAUSE

4. On February 19, 2025, at approximately 06:35am, ACOSTA-Brito was encountered and arrested without incident by Homeland Security Investigations ("HSI") Special Agents ("SA") in San Juan, Puerto Rico. ACOSTA was arrested outside of a residence at Jardines de Country Club, Calle 111, BM 19, Carolina, Puerto Rico, 00983.

5. HSI SAs encountered ACOSTA working as a construction worker.

6. HSI SAs requested an identification, which ACOSTA provided, and performed an immigration examination on ACOSTA. As a result, it was determined that ACOSTA is a national and citizen of the Dominican Republic who was and continues to be illegally present in the United States.

7. Subsequently, HSI SAs conducted an immigration inspection on ACOSTA to determine his admissibility and it was determined that ACOSTA was not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document, and a valid unexpired passport, or other suitable document, or document of identity and nationality to be enter, pass through, or remain in the United States. HSI SAs determined that ACOSTA is inadmissible to the United States, and SAs arrested and transported ACOSTA to ERO Office in Guaynabo, Puerto Rico, for further processing.

8. Record checks revealed that ACOSTA is a native and citizen of the Dominican Republic by virtue of his birth in Nagua, Puerto de Plata, Dominican Republic. Record checks further revealed criminal and immigration histories described below.

   a. On November 15, 2007, ACOSTA adjusted his status to that of a legal permanent resident ("LPR") with the United States Citizen and Immigration Services ("USCIS").

b. On August 13, 2010, ACOSTA was criminally prosecuted and convicted in the United States District Court, District of Massachusetts, in criminal case number **09-10103 (NMG)**, for the offenses of: Conspiracy to Possess with Intent to Distribute and to Distribute Heroin, in violation of 21 U.S.C. § 846; Possession with Intent to Distribute Cocaine (2 Counts), in violation of 21 U.S.C. § 841(a)(1); Possession with Intent to Distribute Oxycodone, in violation of 21 U.S.C. § 841(a)(1); and Criminal Forfeiture, in violation of 21 U.S.C. § 853. ACOSTA was sentenced to a total term of 60 months of imprisonment, to be followed by a term of 48 months of supervised release.

c. On July 2, 2013, ACOSTA was placed in removal proceedings before the Executive Office of Immigration Review ("EOIR") with the filing of a Notice to Appear, charged with removability as having been convicted of an aggravated felony relating to the illicit trafficking of a controlled substance, under Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act. ACOSTA appeared before an Immigration Judge. ACOSTA did not file any form of relief, and instead, stipulated to his removal via the filing of a Motion for Stipulated Removal Order and Waiver of Hearing.

d. On July 8, 2013, an Immigration Judge issued an Order of Removal, finding ACOSTA was removable as charged and ordering ACOSTA be removed from the United States to the Dominican Republic. ACOSTA's LPR status was therefore terminated.

e. The Order of Removal became administratively final, and on August 6, 2013, ACOSTA was physically removed from the United States to the Dominican Republic.

9. HSI special agents read the Miranda rights to ACOSTA, which he willingly waived. After waiving his Miranda rights, ACOSTA admitted to being illegally present in the United States and that he reentered the United States by sea via a yawl "handmade boat" on or about 2019 near

Aguadilla, Puerto Rico, at a place other than a designated port of entry. ACOSTA also expressed he has been working as a construction worker knowing he is illegally present in the United States and does not have authorization to work in the United States.

10. Record checks also revealed that as of February 19, 2025, ACOSTA had not submitted an application requesting permission to enter the United States (Form I-212) before the United States Citizenship and Immigration Services ("USCIS"). Thus, ACOSTA has not obtained consent from the Secretary of Homeland Security to enter the United States, nor does he have any immigration documents allowing him to be legally enter and/or remain in the United States.

## CONCLUSION

11. Based on the forgoing, and based upon my training, experience and participation in this and other investigations, I believe that sufficient probable cause exists to demonstrate that Franciso ACOSTA-Brito illegally reentered the United States after being removed and subsequent to an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a) & (b)(2).

I hereby declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

**Josué López-Estremera**
Special Agent
Homeland Security Investigation

Executed in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at 2:59PM on this 19th day of February, 2025.

**Marshal D. Morgan**
United States Magistrate Judge
District of Puerto Rico